# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | **COUNT ONE** |
| | ) | **18 U.S.C. § 1343** |
| v. | ) | (Wire Fraud) |
| | ) | |
| **CHARLES E. McDANIEL**, | ) | NMT Twenty Years Imprisonment |
| [DOB: 09/20/1949], | ) | NMT $250,000 Fine |
| | ) | NMT Three Years Supervised Release |
| Defendant. | ) | Class C Felony |
| | ) | |
| | ) | **18 U.S.C. §§ 1343 and 982(a)(2)(A)** |
| | ) | (Forfeiture Allegation) |
| | ) | |
| | ) | $100 Special Assessment |
| | ) | |
| | ) | Restitution May Be Ordered |

## I N F O R M A T I O N

THE UNITED STATES ATTORNEY CHARGES THAT:

### INTRODUCTION

1. **CHARLES E. McDANIEL** retired from his employment with Burlington Northern Santa Fe (BNSF) in 2009. During the last years of **McDANIEL's** employment with BNSF (September of 2002 until August of 2009) **McDANIEL** served as general chairman of United Transportation Union General Committee of Adjustment 341 (UTU).

2. As general chairman of UTU, from January of 2006 until August of 2009, **McDANIEL** fraudulently obtained approximately $44,889.62 from UTU and $36,629.29 from BNSF.

3. Between on or about January 1, 2006, and continuing through on or about September 1, 2009, in the Western District of Missouri, and elsewhere, **McDANIEL** knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain money, funds, and credits and other property owned by and under the custody and control of UTU, by means of material false and fraudulent pretenses, representations, and promises.

4. It was part of the scheme and artifice to defraud that **McDANIEL** submitted false claims of expenses on UTU expense vouchers by faxing them from the Western District of Missouri to UTU's headquarters in the state of Ohio.

5. It was further a part of the scheme and artifice to defraud that **McDANIEL** claimed travel expenses for business trips that he did not take.

6. It was further a part of the scheme and artifice to defraud that **McDANIEL** claimed travel expenses for business trips that had already been reimbursed by UTU or by BNSF.

7. By submitting these false UTU expense vouchers, **McDANIEL** received $14,319.91 in advance airfare expenses for tickets that he never purchased. **McDANIEL** received $9,506.59 in mileage reimbursement and $5,333 in per diem for trips that he never took or for trips in which he was already reimbursed by BNSF. **McDANIEL** received $14,602.10 in unauthorized lost time payments and $1,128.02 in additional unauthorized expenses.

8. During 2008 and 2009, at the same time he fraudulently obtained funds from UTU, he also fraudulently obtained an additional $36,629.29 from BNSF in a similar manner.

## COUNT ONE

1. The United States re-alleges and incorporates by reference the allegations in paragraphs one (1) through (8) of the Introduction of this Information.

2. On or about December 25, 2007, in the Western District of Missouri, and elsewhere, the defendant **CHARLES E. McDANIEL**, for the purpose of executing the scheme described in paragraphs one (1) through (8) of the Introduction of the Information, with the intent to defraud, did knowingly cause to be transmitted in interstate commerce, by means of a wire communication, certain signals, to wit: **McDANIEL** transmitted to UTU's headquarters in Cleveland, Ohio, via facsimile, UTU expense voucher #129 claiming $2,093.80 in airline expenses for which **McDANIEL** knew was a false representation.

All in violation of Title 18, United States Code, Section 1343.

## ALLEGATION OF FORFEITURE

1. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(A).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One of this Information, the defendant, **CHARLES E. McDANIEL**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting or derived from, proceeds the person obtained directly or indirectly, as the result of such violation. The property to be forfeited includes, but is not limited to, the following: Approximately not less than $81,518.91 in United States currency, and any interest and proceeds traceable thereto, representing property involved in the charged offenses and the proceeds obtained by defendant **CHARLES E. McDANIEL**, in that such sum in aggregate, constitutes or is derived from, proceeds traceable to the offense set forth in Count One.

**Substitute Assets**

If any of the property described above, as a result of any act or omission of the defendants:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), up to the value of the above forfeitable property.

All pursuant to 18 U.S.C. §§ 1343 and 982(a)(2)(A).

              Beth Phillips
              United States Attorney

          By  */s/ Roseann A. Ketchmark*

              Roseann A. Ketchmark
              Assistant United States Attorney

Dated: <u>April 12, 2011</u>